# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD MORGAN HIGGINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:19-cv-02863-RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on movant Reginald Morgan Higgins's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1). The petition appears to be time-barred. Therefore, for the reasons discussed below, the Court will order movant to show cause why the motion should not be summarily dismissed.

## Background

In an indictment filed June 27, 2017, movant was charged with three separate counts: (1) possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(a)(2). *United States v. Higgins*, No. 4:17-cr-00431-RWS-1 (E.D. Mo.). On January 5, 2018, movant pled guilty to count 2, possession of a firearm in furtherance of a drug trafficking crime, and count 3, felon in possession of a firearm. The Court dismissed count 1, possession with intent to distribute heroin and cocaine, on the government's motion. On April 13, 2018, movant was sentenced to 60 months on count 2 and 30 months on count 3. The sentences were run consecutively for a total of 90 months' imprisonment. Movant did not file a direct appeal.

Movant filed the instant § 2255 motion on October 16, 2019, by placing it in his prison's mailing system.[1] In his motion, he alleges ineffective assistance of counsel.

## Discussion

Movant is a pro se litigant who is currently in custody at the United States Medical Center for Federal Prisoners in Springfield, Missouri. He brings this motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. For the reasons discussed below, the motion appears to be untimely, and movant will be directed to show cause why this action should not be denied and dismissed.

**A. Statute of Limitations**

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

**B. Timeliness Under 28 U.S.C. § 2255(f)(1)**

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Proc. 4(b)(1).

Here, movant was sentenced on April 13, 2018. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on April 27, 2018, at the expiration of the fourteen-day period. The one-year limitations period gave him until April 29, 2019 to file his § 2255 motion.[2] However, he did not file the instant motion until October 16, 2019, five months and seventeen days later. Therefore, his motion appears untimely under § 2255(f)(1).

**C. Timeliness Under 28 U.S.C. § 2255(f)(3)**

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Movant asserts that his § 2255 motion is timely because it was filed within one year of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319

---

[2] One year from April 27, 2018, is Saturday, April 27, 2019. When the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, the last day of movant's limitations period was Monday, April 29, 2019.

(2019), which was decided on June 24, 2019. However, it does not appear that *Davis* has any applicability to movant's case.

In *Davis*, the Supreme Court dealt with the constitutionality of the "residual clause" of 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S.Ct. at 2324. Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court determined that § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 2336. The Supreme Court explained "that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined ordinary case." *Id*. at 2326. The statutory text of § 924(c)(3)(B), however, "commands" a categorical approach, which threatens "to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id*. at 2326, 2328.

While *Davis* found 18 U.S.C. § 924(c)(3)(B) unconstitutional, it is unclear why movant believes this is helpful to his case. As noted above, movant was charged with three separate counts: (1) possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(a)(2). He ultimately pled guilty to counts 2 and 3. Because count 2 was for possession of a firearm in furtherance of a *drug trafficking crime*, rather than a *crime of violence*, the holding in *Davis* is not implicated.

In other words, *Davis* struck down the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B), but left untouched the definition of "drug trafficking crime" – for which movant was convicted – found in 18 U.S.C. § 924(c)(2). *See Davis*, 139 S.Ct. at 2330 (noting that when "Congress expanded § 924(c)'s predicate offenses to include drug trafficking crimes as well as crimes of violence…Congress added a subsection-specific definition of drug trafficking crime in § 924(c)(2)"). It appears, therefore, that movant's case is not affected by *Davis*. *See Schaeffer v. United States*, 2019 WL 3535858, at *8 (E.D. Tenn. 2019) (stating that movant's conviction for "possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence…could not possibly have been affected by *Dimaya* and *Davis*, both of which pertain only to violent crimes"); *Reyes v. United States*, 2019 WL 5265293, at *2 (D. Utah 2019) (explaining that although movant "was sentenced under § 924(c), it was for possession of a firearm in furtherance of drug trafficking and not for a crime of violence under the residual clause"); *Houser v. United States*, 2019 WL 5295570, at *2 (W.D. N.C. 2019) (stating that "*Davis* provides Petitioner no relief because the offense underlying his § 924(c) conviction is…[a] drug trafficking crime under the Controlled Substances Act, and not a crime of violence"); and *Jimenez v. United States*, 2019 WL 5306976, at *2 (S.D. N.Y. 2019) (stating that "drug trafficking remains a valid predicate offense" under § 924(c)). If *Davis* is inapplicable to movant's case, it stands to reason that movant cannot take advantage of it for purposes of the limitations period in § 2255(f)(3).

**D. Order to Show Cause**

As discussed above, it appears that movant's § 2255 motion is untimely. Under § 2255(f)(1), movant's one-year limitations period expired on April 29, 2019, over five months before he filed the instant motion. Meanwhile, the limitations period in § 2255(f)(3) does not seem to apply to movant, because his case does not implicate the residual clause declared

5

unconstitutional in *Davis*. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, movant will be directed to show cause why his § 2255 motion should not be dismissed as time-barred. Movant will be given **thirty (30) days** from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this motion without further proceedings.

E.  **Motion to Proceed in Forma Pauperis**

Movant has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). However, there is no filing fee for a 28 U.S.C. § 2255 motion. *See* Rule 3, Advisory Committee Notes of the Rules Governing Section 2255 Proceedings for the United States District Courts ("There is no filing fee required of a movant under these rules…[t]his is…done to recognize specifically the nature of a § 2255 motion as being a continuation of the criminal case whose judgment is under attack"). Therefore, movant's motion for leave to proceed in forma pauperis will be denied as moot.

F.  **Motion to Appoint Counsel**

Movant has filed a motion to appoint counsel. (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint

counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Movant has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, the Court is ordering movant to show cause why his motion should not be dismissed as untimely. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED AS MOOT** as there is no filing fee for a 28 U.S.C. § 2255 motion.

**IT IS FURTHER ORDERED** that movant's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that movant shall show cause, in writing and no later than **thirty (30) days** from the date of this order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this order, his § 2255 motion will be dismissed without further proceedings.

Dated this 5th day of November, 2019.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE