UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REGINALD MORGAN HIGGINS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:19-cv-02863-RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of movant Reginald Morgan Higgins's response to the Court's order to show cause. (Docket No. 7; Docket No. 8). On November 5, 2019, the Court ordered movant to show cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. (Docket No. 6). Having reviewed movant's response, and for the reasons discussed below, the Court must deny and dismiss movant's § 2255 motion. *See* 28 U.S.C. § 2255(f).

**Background**

In an indictment filed September 27, 2017, movant was charged with three separate counts: (1) possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *United States v. Higgins*, No. 4:17-cr-00431-RWS-1 (E.D. Mo.). On January 5, 2018, movant pled guilty to count 2, possession of a firearm in furtherance of a drug trafficking crime, and count 3, felon in possession of a firearm. The Court dismissed count 1, possession with intent to distribute heroin and cocaine, on the government's motion. On April 13, 2018, movant was sentenced to 60

months on count 2 and 30 months on count 3. The sentences were run consecutively for a total of 90 months' imprisonment. Movant did not file a direct appeal.

Movant filed the instant § 2255 motion on October 16, 2019, by placing it in his prison's mailing system.[1] In his motion, he alleged ineffective assistance of counsel.

On November 5, 2019, the Court ordered movant to show cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be dismissed as time-barred. (Docket No. 6). In doing so, the Court noted that movant's motion appeared untimely under both 28 U.S.C. § 2255(f)(1) and 28 U.S.C. § 2255(f)(3). Movant was directed to submit a written response within thirty days.

On December 6, 2019, movant complied with the Court's show cause order by filing a document titled "motion to show cause to avoid summary dismissal," as well as a supporting memorandum. (Docket No. 7; Docket No. 8). Movant also filed a motion for an evidentiary hearing to determine equitable tolling, and a motion for appointment of counsel. (Docket No. 9; Docket No. 10).

**Show Cause Response**

In response to the Court's order to show cause, movant filed a document titled "motion to show cause to avoid summary dismissal," as well as a memorandum in support of the motion. The motion and the memorandum contain several arguments in support of movant's contention that his motion should not be dismissed as time-barred.

First, movant asserts that *United States v. Davis*, 139 S.Ct. 2319 (2019) is applicable to his case, thereby giving him the benefit of the one-year limitations period in 28 U.S.C. § 2255(f)(3).

---

[1] Under the prison mailbox rule, a 28 U.S.C. § 2255 motion is deemed timely filed when an inmate deposits it in the prison mail system prior to the expiration of the filing deadline. *See Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999).

(Docket No. 7 at 1). Movant argues that the difference between a "drug trafficking crime," of which he was convicted, and "a crime of violence is immaterial because of how 18 U.S.C. § 924(c) is written." He further asserts that the "Congressional intent of § 924(c) is applicable to drug trafficking offenses," just as it is to crimes of violence. (Docket No. 7 at 2). Movant also states that it does not make sense that an individual who committed a violent offense should be eligible for resentencing, while a non-violent offender such as himself is not.

Second, movant argues that the Court miscalculated the date on which his judgment became final for purposes of determining when the one-year limitations period in 28 U.S.C. § 2255(f)(1) expired. Specifically, movant relies on *Clay v. United States*, 537 U.S. 522 (2003) for the proposition that his judgment actually became final on the date that the time for filing a writ of certiorari in the United States Supreme Court expired. As such, movant states that he had until July 29, 2019 to file his § 2255 motion, not April 29, 2019, as the Court calculated.

Finally, movant contends that he is entitled to have the doctrine of equitable tolling applied to his case. Specifically, he maintains that the one-year statute of limitations should have been tolled for a seven-month period during which he was "denied access to all legal papers and property." (Docket No. 7 at 4).

Movant provides further details to support this argument in his supporting memorandum. In the memorandum, movant explains that on June 17, 2018, he was transported to the Heartland Regional Medical Center in Marion, Illinois. (Docket No. 8 at 1). There, he had surgery on his ankle. He stayed in the hospital for "approximately one day." Following surgery, movant states he was "unable to walk" for sixty days.

On November 23, 2018, movant states that he was again transported to the Heartland Regional Medical Center in order to "correct the botched surgery" he had undergone earlier. Again,

3

he stayed in the hospital only one day, and states that afterward, he was unable to walk. On December 7, 2018, movant states he was admitted to the Heartland Regional Medical Center, where he remained until December 21, 2018. (Docket No. 8 at 1-2). At that time, movant was transferred to the Medical Center for Federal Prisoners in Springfield, Missouri. (Docket No. 8 at 2). Movant asserts that he did not receive his personal property, including his legal papers, until June 20, 2019.

Movant argues that seven months should be added "to the time clock specified" by the Court. (Docket No. 7 at 4). After factoring in this time, movant states that the one-year limitations period would not have expired until October 29, 2019 or – if he is also given the benefit of the certiorari period – January 2020. According to this calculation, movant's October 16, 2019 filing would be timely.

## Discussion

Movant is a pro se litigant who is currently in custody at the United States Medical Center for Federal Prisoners. He brings this motion pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The Court has reviewed the motion, as well as the documents submitted in response to the Court's order to show cause. For the reasons discussed below, the motion will be denied and dismissed as time-barred.

### A. Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### B. Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008); and *Never Misses A Shot v. United States*, 413 F.3d 781, 782 (8th Cir. 2005). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. Proc. 4(b)(1).

In this case, movant was sentenced on April 13, 2018. He had fourteen days to file an appeal, which he did not do. Thus, his judgment became final on April 27, 2018. The one-year limitations period gave him until April 29, 2019 to file his § 2255 motion.[2] However, he did not file the instant motion until October 16, 2019, five months and seventeen days later. Therefore, his motion is untimely under § 2255(f)(1).

---

[2] One year from April 27, 2018, is Saturday, April 27, 2019. When the last day of a period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, the last day of movant's limitations period was Monday, April 29, 2019.

Movant argues in his show cause response that the Court incorrectly determined that his judgment became final on April 27, 2018. Instead, relying on *Clay v. United States*, 537 U.S. 522 (2003), he asserts that he is entitled to the ninety-day period for filing a writ of certiorari in the United States Supreme Court. According to movant, his judgment only became final when that ninety-day period expired.

Movant's argument is based on a misreading of *Clay v. United States*. The issue in *Clay*, as framed by the Supreme Court, was determining the date on which judgment became final "[w]hen a defendant in a federal prosecution *takes an unsuccessful direct appeal* from a judgment of conviction." *Clay v. United States*, 537 U.S. 522, 524 (2003) (emphasis added). The Supreme Court noted that appellate courts had divided over whether "the judgment became final for postconviction relief purposes (1) when the appellate court issues its mandate affirming the conviction, or, instead, (2) on the date…when the time for filing a petition for certiorari expires." *Id*. Ultimately, the Supreme Court held that for purposes of "starting the clock on § 2255's one-year limitation period…a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Id*. at 525.

The distinction between *Clay* on the one hand, and movant's case on the other, is that movant did not file a direct appeal. Therefore, *Clay*'s holding is inapplicable to movant and he is not entitled to the addition of the ninety-day certiorari window in calculating when his one-year limitations period began. Rather, as the Court noted earlier, an *unappealed* criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez*, 541 F.3d at 816 n.2; and *Never Misses A Shot*, 413 F.3d at 782. As such, movant's § 2255 motion is untimely under § 2255(f)(1).

### C. Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Movant asserts that his § 2255 motion is timely because it was filed within one year of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), which was decided on June 24, 2019.

In *Davis*, the Supreme Court dealt with the constitutionality of the "residual clause" of 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S.Ct. at 2324. Relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), the Supreme Court determined that § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 2336. The Supreme Court explained "that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined ordinary case." *Id*. at 2326. The statutory text of § 924(c)(3)(B), however, "commands" a categorical approach, which threatens "to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id*. at 2326, 2328.

While *Davis* found 18 U.S.C. § 924(c)(3)(B) unconstitutional, it is not relevant to movant's case. As noted above, movant was charged with three separate counts: (1) possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 841(a)(1); (2) possession of a firearm

in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He ultimately pled guilty to counts 2 and 3. Because count 2 was for possession of a firearm in furtherance of a *drug trafficking crime*, rather than a *crime of violence*, the holding in *Davis* is not implicated.

In his response to the Court's order to show cause, movant insists that *Davis* applies to him, because the difference between a "drug trafficking crime" and a "crime of violence" is immaterial. Movant finds support for his position in the statutory language of 18 U.S.C. § 924(c), which he quotes in his response. He further claims that Congressional intent and common sense dictate his eligibility for resentencing under *Davis*.

The Court does not find this reasoning persuasive. The Supreme Court in *Davis* clearly struck down the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B). *Davis*, 139 S.Ct. at 2336. However, there is no indication that the Supreme Court intended to expand its holding to encompass 18 U.S.C. § 924(c)(2), under which movant was convicted. To the contrary, it is apparent that the Supreme Court left untouched the definition of "drug trafficking crime" found in 18 U.S.C. § 924(c)(2). *Id*. at 2330 (noting that when "Congress expanded § 924(c)'s predicate offenses to include drug trafficking crimes as well as crimes of violence…Congress added a subsection-specific definition of drug trafficking crime in § 924(c)(2)").

Based on the foregoing, the Court has determined that movant's case is not affected by the holding in *Davis*. This result is similar to that of several other district courts that have confronted the issue of whether *Davis* covers a conviction for possession of a firearm in furtherance of a drug trafficking crime. *See Schaeffer v. United States*, 2019 WL 3535858, at *8 (E.D. Tenn. 2019) (stating that movant's conviction for "possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence…could not possibly have been affected by *Dimaya* and

*Davis*, both of which pertain only to violent crimes"); *Reyes v. United States*, 2019 WL 5265293, at *2 (D. Utah 2019) (explaining that although movant "was sentenced under § 924(c), it was for possession of a firearm in furtherance of drug trafficking and not for a crime of violence under the residual clause"); *Houser v. United States*, 2019 WL 5295570, at *2 (W.D. N.C. 2019) (stating that "*Davis* provides Petitioner no relief because the offense underlying his § 924(c) conviction is…[a] drug trafficking crime under the Controlled Substances Act, and not a crime of violence"); and *Jimenez v. United States*, 2019 WL 5306976, at *2 (S.D. N.Y. 2019) (stating that "drug trafficking remains a valid predicate offense" under § 924(c)). Because *Davis* is inapplicable to movant's case, it stands to reason that he cannot take advantage of it for purposes of the limitations period in § 2255(f)(3).

### D. Equitable Tolling

The limitations period for 28 U.S.C. § 2255 motions is not jurisdictional and is therefore subject to the doctrine of equitable tolling. *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016). The doctrine of equitable tolling provides an "exceedingly narrow window of relief." *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled only if the movant shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). The extraordinary circumstances must not be attributable to the movant and must be beyond his or her control. *Byers v. United States*, 561 F.3d 832, 836 (8th Cir. 2009). The movant must also demonstrate that he acted with due diligence in pursuing his petition. *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). The use of equitable tolling "must be guarded and infrequent, lest circumstances of

individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002).

Equitable tolling is applicable when "the government's conduct lulled the movant into inaction through reliance on that conduct." *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). However, "confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Id*. Equitable tolling is also not warranted by a pro se litigant's lack of legal knowledge or resources. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); and *United States v. Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (8th Cir. 2003) (applying *Kreutzer* to a § 2255 motion). *See also United States v. Mendez*, 860 F.3d 1147, 1151 (8th Cir. 2017) (stating that "a pro se litigant's misunderstanding of the relevant law and limitations periods does not justify equitable tolling").

Movant presents two arguments in favor of the application of equitable tolling. First, he alleges that from December 7, 2018, until June 20, 2019, he did not have access to his "legal papers and property." Second, he asserts that he had to undergo two separate ankle surgeries, as well as deal with the attendant recovery time. As noted above, in order for equitable tolling to apply, movant must show that he has been pursuing his rights diligently, and that some extraordinary circumstance stood in his way and prevented timely filing. Movant has shown neither.

With regard to the period during which movant did not have access to his legal papers, movant has not shown that this was an extraordinary circumstance preventing him from timely filing his § 2255 motion. Simply alleging a lack of legal resources is insufficient to warrant the application of equitable tolling. *See Kreutzer*, 231 F.3d at 463; and *Bell*, 68 Fed. Appx. 762, 2003 WL 21523470, at *2 (applying *Kreutzer* to a § 2255 motion). That is, there is no showing that

these papers were necessary for movant to file his motion with the Court. Even if they were, there is no explanation as to why movant did not attempt to file anything whatsoever.

Moreover, movant has failed to demonstrate that he diligently pursued his rights. Specifically, before movant was transferred on December 7, 2018, he had seven months and ten days – the period between April 27, 2018, when his judgment became final, and December 7, 2018 – in which to file his motion with the Court. There is no indication that movant did not have his legal papers at this time, or that this time period was somehow insufficient to complete the task.

Movant attempts to minimize this seven-month span by asserting that he had two surgeries. However, these surgeries do not amount to extraordinary circumstances either. Both surgeries were to his ankle, and both required only a single day in the hospital. Movant states that recuperation time was required, but his only allegation to this effect is that he was unable to walk for sixty days. Nothing in movant's response establishes that his ability to walk had any bearing on his ability to file a § 2255 motion. In other words, there are no allegations that the surgeries affected his mental faculties. Furthermore, there is nothing in movant's response supporting the proposition that movant was diligently pursuing his rights during this time. Therefore, the doctrine of equitable tolling is not applicable to movant's § 2255 motion.

**E. Summary Dismissal**

Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must dismiss a motion if it is plainly apparent from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief. As discussed above, it is plainly apparent that movant has filed this motion beyond the one-year statute of limitations period in 28 U.S.C. § 2255(f). Furthermore, movant has not demonstrated

11

that he is entitled to equitable tolling. Therefore, the motion must be denied and dismissed as time-barred.

F.  **Movant's Motion to Show Cause to Avoid Summary Dismissal**

Movant has filed a motion to show cause to avoid summary dismissal. (Docket No. 7). As explained above, movant's motion is time-barred, and he has not established that equitable tolling applies. Therefore, the motion will be denied.

G.  **Movant's Motion for Evidentiary Hearing and Motion to Appoint Counsel**

Movant has filed a motion for an evidentiary hearing (Docket No. 9) and a motion to appoint counsel. (Docket No. 10). The motions will be denied as moot as movant's § 2255 motion is being denied and dismissed as time-barred.

H.  **Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2255(f). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that movant's motion to show cause to avoid summary dismissal (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that movant's motion for evidentiary hearing (Docket No. 9) and motion to appoint counsel (Docket No. 10) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

Dated this 6th day of February, 2020.

                                             /s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE